IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| IN RE FOUR APPLICATIONS FOR SEARCH WARRANTS SEEKING INFORMATION ASSOCIATED WITH PARTICULAR CELLULAR TOWERS A/K/A TOWER-DUMP WARRANTS | CRIMINAL NO. 3:25-cr-38-CWR-ASH |

## MOTION FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF

COMES NOW, the National Association of Criminal Defense Lawyers ("NACDL"),[1] the American Civil Liberties Union ("ACLU"), the ACLU of Mississippi,[2] the Electronic Frontier Foundation ("EFF"),[3] and the Mississippi

---

[1] NACDL is a nonprofit voluntary professional bar association that works on behalf of criminal defense attorneys to ensure justice and due process for those accused of crime or misconduct. Founded in 1958, NACDL has a nationwide membership of many thousands of direct members, and up to 40,000 with affiliates, comprised of private criminal defense lawyers, public defenders, military defense counsel, law professors, and judges. NACDL has a particular interest in cases that involve surveillance technologies and programs that pose new challenges to personal privacy. NACDL operates the Fourth Amendment Center and has filed numerous amicus briefs on issues involving digital privacy rights.

[2] The ACLU is a nationwide, nonprofit, nonpartisan organization dedicated to defending the principles embodied in the Federal Constitution and our nation's civil rights laws. The ACLU of Mississippi is the state affiliate of the ACLU. For decades, the ACLU has been at the forefront of efforts nationwide to protect the full array of civil rights and liberties, including the right to the protections enshrined in the Fourth Amendment to the Federal Constitution. The ACLU has appeared in numerous cases, both as direct counsel and as amici, before courts in Mississippi and throughout the nation in cases involving the meaning and scope of the rights of criminal defendants and the legal limitations on the use of technology by police and prosecutors.

[3] The Electronic Frontier Foundation ("EFF") is a member-supported, nonprofit civil liberties organization that has worked to protect free speech and privacy rights in the online and digital world for 35 years. With over 30,000 active donors, EFF represents technology users' interests in court cases and broader policy debates. EFF regularly participates as amicus in federal and state courts, including

Office of the State Public Defender ("OSPD"),[4] and respectfully request leave to file an *amicus curiae* brief in the above-captioned matter, and would state unto the Court as follows:

I.

On March 5, 2025, the Court granted the government's Motion for Extension of Time [8] to file a motion to reverse or vacate the Magistrate Judge's Order [6] declining to issue certain search warrants seeking cell tower data, commonly known as "tower dumps." (Order [9]). The government was granted until March 21, 2025 to file such motion. Substantive filings in this cause prior to the Motion for Extension of Time are sealed and unable to be accessed by the undersigned.

II.

Although the Federal Rules of Civil Procedure do not address amicus participation before district courts, district court judges have "broad discretion to grant or deny leave to amici under Rule 29" of the Federal Rules of Appellate Procedure. *Smith v. Hosemann*, No. 3:01-CV-855-HTW-DCB, 2022 WL 2168960, at *3 (S.D. Miss. May 23, 2022) (quoting *Lefebure v. D'Aquilla*, 15 F.4th 670, 676 (5th

---

in the United States Supreme Court, in cases addressing the impact of novel technologies on criminal investigations and the justice system.

[4] The Mississippi Office of State Public Defender (OSPD) is a state agency that works on behalf of indigent criminal defendants in the state courts of Mississippi and provides training and technical assistance to other attorneys representing indigent defendants in these courts. Conservative estimates place the number of all criminal defendants who are indigent at 80%. The State Defender, as director of the agency, is explicitly authorized by statute "to act as spokesperson for all matters relating to indigent defense representation." OSPD through its training division has provided numerous training programs involving digital privacy rights. OSPD-Training is a state affiliate of the NACDL.

Cir. 2021)); *see also Republican Nat'l Comm. v. Wetzel*, No. 1:24CV25-LG-RPM, 2024 WL 988383, at *5 (S.D. Miss. Mar. 7, 2024); *Cazorla v. Koch Foods of Mississippi, LLC,* No. 3:10CV135-DPJ-FKB, 2014 WL 2163151, at *3 (S.D. Miss. May 23, 2014); *Mississippi v. Becerra*, No. 1:22CV113-HSO-RPM, 2023 WL 5668024, at *7 (S.D. Miss. July 12, 2023). There are "no specific prerequisites that must be satisfied to qualify for amicus status." *Becerra*, 2023 WL 5668024, at *7. Rule 29 only requires amici to state their "interest" in the case and the "reason why an amicus brief is desirable and why the matters asserted are relevant to the disposition of the case." Fed. R. App. P. 29(a)(3). And as the Fifth Circuit has explained, courts would be "well advised to grant motions for leave to file amicus briefs unless it is obvious that the proposed briefs do not meet Rule 29's criteria as broadly interpreted." *Lefebure*, 15 F.4th at 676.

## III.

Here, *amici*'s participation would assist the Court in its consideration of an otherwise unopposed motion, providing the kind of "adversarial testing" necessary to "ultimately advance the public interest in truth and fairness." *Polk Cnty. v. Dodson*, 454 U.S. 312, 318 (1981). Such an adversarial process can be "particularly helpful in cases presenting unusual fact patterns or in cases of great public importance." *United States v. Adams*, No. 24-cr-556, 2025 WL 570789, at *1 (S.D.N.Y. Feb. 21, 2025). Indeed, the "tower dump" warrants at issue in this case—which involve demands for the private cell site location information ("CSLI") with the potential to violate the privacy rights of hundreds or thousands of individuals at

once, almost all of whom likely have no connection to the crime under investigation. *See United States v. Smith*, 110 F.4th 817, 837-38 (5th Cir. 2024). The constitutionality of tower dumps is thus of great public importance, especially because people will rarely if ever be able to detect and challenge their use. The government does not typically disclose when and where it executes tower dumps or notify the people whose data they search and seize, effectively foreclosing any means of redress. As a result, *amicus* participation at this stage may be the only way for members of the public to assert their Fourth Amendment rights.

IV.

*Amici* have both general and particular experience with the issues before the Court that will make their contributions uniquely valuable here. Collectively, proposed *amici* have knowledge and experience, both locally and nationally, with the meaning and the scope of the rights of criminal defendants; the legal limitations on the use of technology by police and prosecutors; the impact of novel technologies, including tower dumps and other forms of reverse warrants, on criminal investigations and the justice system; and the application of proven scientific methodology in criminal cases.

V.

And specifically, NACDL, the ACLU, and EFF have long been involved, either as amicus or as counsel, in state and federal cases involving the scope of the Fourth Amendment in the context of cell phones and location information. More than ten years ago, a magistrate judge invited the ACLU to participate as amicus

after the government sought a warrant to collect information through a tower dump. *See* Letter from Nathan Freed Wessler to Hon. James C. Francis IV, *In the Matter of the Application of the United States of America for an Order Pursuant to 18 U.S.C. §§ 2703(c) and 2703(d) Directing AT&T, Sprint/Nextel, T-Mobile, Metro PCS and Verizon Wireless to Disclose Cell Tower Log Information* (S.D.N.Y. May 20, 2014).[5] All *amici* filed amicus briefs in *United States v. Jones*, 565 U.S. 400 (2012) (holding GPS tracking of a vehicle violated the Fourth Amendment), and *Riley v. California*, 573 U.S. 373 (2014) (holding warrant was required for search of cell phone incident to arrest). The ACLU was counsel, and NACDL and EFF participated as *amici*, in the landmark Supreme Court decision on CSLI, *Carpenter v. United States*, 585 U.S. 296 (2018), which held that requests for individuals' CSLI required a warrant. And the ACLU and EFF also participated as *amici* in *Commonwealth v. Perry*, 489 Mass. 436 (2022) (holding that warrants are required for tower dumps).

VI.

Finally, especially relevant here, NACDL represents Defendant Jamarr Smith in *United States v. Smith*, 110 F.4th 817 (5th Cir. 2024)—the central, and recent, appellate precedent at issue before the Court. NACDL is also counsel for the defendant in *United States v. Chatrie*, 107 F.4th 319 (4th Cir. 2024), *reh'g en banc granted*, No. 22-4489, 2024 WL 4648102, at *1 (4th Cir. Nov. 1, 2024) (*en banc* oral

---

[5] *Available at* https://assets.aclu.org/live/uploads/document/5.20.2014_aclu_tower_dump_brief_to_m.j._francis.pdf

argument held January 30, 2025), with both the ACLU and EFF participating as *amici*.

## VII.

Our organizations, therefore, can assist this Court's understanding of the legal and factual issues in the case. And *amici*'s views will be valuable to the Court now, before the issues are crystallized for any potential appellate review. *Amici* therefore respectfully request that this Court to grant NACDL, the ACLU, and EFF leave to file an *amicus curiae* brief.

## VIII.

In light of the fact that the government's substantive filings are sealed, and further that the government has not yet filed its motion to reverse or vacate, *Amici* also request that the Court establish a briefing schedule in order for *amici* to respond to the government's motion, and for the government to reply to our brief, should they wish to do so. And finally, *amici* would welcome the opportunity to be heard at oral argument if useful to the Court.

## IX.

Counsel for *amici* has conferred with counsel for the government as to whether the government has an objection to the relief sought in this motion, and as of the filing of this motion, the government has not advised one way or the other whether it has an objection in whole or in part to the relief sought.

WHEREFORE, PREMISES CONSIDERED, the National Association of Criminal Defense Lawyers, the American Civil Liberties Union, the ACLU of

Mississippi, the Electronic Frontier Foundation and the Mississippi Office of the State Public Defender respectfully request:

1. That they be allowed to file an *amicus curiae* brief in the instant action;

2. That the Court establish an appropriate briefing schedule in this matter based upon the government's filing of its motion to reverse or vacate on March 21, 2025; and

3. That the Court grant any further or additional relief that it may find warranted in the premises.

                RESPECTFULLY SUBMITTED,

                NATIONAL ASSOCIATION of CRIMINAL DEFENSE LAWYERS, THE AMERICAN CIVIL LIBERTIES UNION, THE ACLU OF MISSISSIPPI, THE ELECTRONIC FRONTIER FOUNDATION, AND THE MISSISSPPI OFFICE OF THE STATE PUBLIC DEFENDER

                HICKMAN, GOZA & SPRAGINS, PLLC
                Attorneys at Law
                Post Office Drawer 668
                Oxford, MS 38655-0668
                (662) 234-4000 telephone
                (662) 234-2000 facsimile
                glewis@hickmanlaw.com

                BY:  /s/ Goodloe T. Lewis
                GOODLOE T. LEWIS, MSB # 9889

**CERTIFICATE OF SERVICE**

I, GOODLOE T. LEWIS, attorney for NATIONAL ASSOCIATION of CRIMINAL DEFENSE LAWYERS, THE AMERICAN CIVIL LIBERTIES UNION, THE ACLU OF MISSISSIPPI, THE ELECTRONIC FRONTIER FOUNDATION AND THE MISSISSPPI OFFICE OF THE STATE PUBLIC DEFENDER, do hereby certify that I have on this date electronically filed the foregoing document with the Clerk of Court using the ECF system which sent notification of such filing to all counsel of record.

This the 11th day of March, 2025.

/s/ Goodloe T. Lewis
GOODLOE T. LEWIS