IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

SOUTHERN DISTRICT OF MISSISSIPPI
F I L E D
AUG 1 4 2025
ARTHUR JOHNSTON
BY_____ DEPUTY

IN RE FOUR APPLICATIONS FOR
SEARCH WARRANTS

SEEKING INFORMATION ASSOCIATED WITH
PARTICULAR CELLULAR TOWERS
(A/K/A TOWER DUMP WARRANTS)

CASE NO. 3:25-CR-38-CWR-ASH

The Hon. Carlton W. Reeves

**PETITION TO UNSEAL COURT DOCKET
BY NON-PARTY COURT WATCH**

COMES NOW, non-party Court Watch, an online news organization based in North Bethesda, Maryland, by and through its undersigned counsel, respectfully requesting that the Court unseal the court docket in this matter, along with whatever order previously was entered to seal or suppress that docket for this case and any other order entered by the Court or any filings by any party or amici that the Court relied upon in making such order to seal the court file. Court Watch specifically does **not** seek to unseal through this petition any pre-indictment warrant materials that have been submitted to the Court for consideration or any other investigatory material prior to the apprehension of any targets of the Government's investigation.

I.

Court Watch is an online news organization reporting on filings and other news in federal court cases across the country, relying on the public access provided through the PACER electronic docket system, and in that capacity, it has been reporting on the heretofore public proceedings in this case, beginning with its initial story on February 24, 2025, on the publicly available decision by Magistrate Judge Andrew Harris concerning the Government's applications for four search warrants for so-called "tower dump" data: "Exclusive: Judge Rules 'Tower Dumps' Unconstitutional" (Exclusive: Judge Rules 'Tower Dumps' Unconstitutional). (Copy

attached as **Exhibit 1**.) As the proceedings in this matter have continued, Court Watch has covered those developments as well: "Exclusive: DOJ to Appeal 'Tower Dump' Ruling" ([Exclusive: DOJ to Appeal 'Tower Dump' Ruling](#)), Mar. 4, 2025; "Exclusive: DOJ Seeks More Time on Tower Dumps" ([Exclusive: DOJ Seeks More Time on Tower Dumps](#)), June 16, 2025; and, "#134: DOJ Denied, Yet Again." ([#134: DOJ Denied, Yet Again.](#)), July 10, 2025. (Copies of these online articles are attached as **Exhibit 2**, **Exhibit 3**, and **Exhibit 4**.) All of these news reports were based on the publicly available filings and judicial orders entered on the publicly available docket accessible through the PACER system. However, at some point after July 10, 2025, that public availability of this proceeding mysteriously evaporated with no indication available to the public of anything to explain the disappearance of the docket, no public rationale of whatever basis the Court may have found for disappearing the previously public filings, especially the previously public judicial orders, and only a vestigial notation in PACER of an online listing of the case number as only "Sealed v. Sealed."[1]

II.

For more than half a century, federal courts have recognized a qualified common law right of access to judicial documents. *See, e.g., Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597-99 (1978); *U.S. v. Sealed Search Warrants*, 868 F.3d 385, 390 & n.1 (5th Cir. 2017). Indeed, as the Fifth Circuit has repeatedly made clear, "[a]lthough the common law right of access to judicial records is not absolute, 'the district court's discretion to seal the record of judicial proceedings is to be exercised charily.'" *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993) (quoting *Fed. Sav. & Loan Ins. Corp. v. Blain*, 808 F.2d 395, 399 (5th Cir.

---

[1] Although the official PACER site has deleted the previously public docket for this case, what previously was publicly available remains accessible through the non-profit site Court Listener, which captured an archive image of the PACER docket before it was disappeared by whatever order the Court issued. That archived copy of the prior court docket remains available at https://www.courtlistener.com/docket/69660910/united-states-v-unknown/.

1987)); *Sealed Search Warrants*, 868 F.3d at 390 n.1 (same). In *Van Waeyenberghe*, the Circuit explained that district courts "must balance the public's common law right of access against the interests favoring nondisclosure," taking stock of "[t]he presumption in favor of the public's common law right of access to court records." 990 F.2d at 849. As the Circuit noted in another decision twenty-five years later, the presumption in favor of public access to judicial records "promotes the trustworthiness of the judicial system" and helps avoid the cynical resort to speculation as to the reasons for court action when a judicial decision is cloaked behind a sealing order. *Sealed Search Warrants*, 868 F.3d at 394-95; *see also United States v. Holy Land Found. for Relief & Dev.*, 624 F.3d 685, 690 (5th Cir. 2010) ("Public confidence [in our judicial system] cannot long be maintained where important judicial decisions are made behind closed doors and then announced in conclusive terms to the public, with the record supporting the court's decision sealed from public view." (quoting *In re High Sulfur Content Gasoline Prods. Liab. Litig.*, 517 F.3d 220, 230 (5th Cir. 2008) (internal quotation omitted))).[2]

### III.

As for public access to the docket sheet of a case, courts are emphatic and unified in the view that such records should be made available for public inspection in all but the most extraordinary circumstances. *See, e.g., Globe Newspaper Co. v. Pokaski*, 868 F.2d 497, 499-500, 505 (1st Cir. 1989) (holding that blanket prohibition on disclosure of docket sheets from closed criminal cases implicates the First Amendment right of access); *Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 96 (2d Cir. 2004) (holding that docket sheets "enjoy a presumption of openness and that the public and the media possess a qualified First Amendment right to inspect

---

[2] This Court's Local Rules implement the Circuit's requirements for specific findings supporting a sealing order. *See* Rule 49.1 of the Local Uniform Criminal Rules (incorporating the process for sealing set out in Rule 79 of the Local Uniform Civil Rules.

them"); *United States v. Criden*, 675 F.2d 550, 559 (3d Cir. 1982) (dockets are public records); *Doe v. Pub. Citizen*, 749 F.3d 246, 268 (4th Cir. 2014) (holding there is a First Amendment right of access to docket sheets in both civil and criminal proceedings); *United States v. Valenti*, 987 F.2d 708, 715 (11th Cir. 1993) (holding that a secret docketing system was "an unconstitutional infringement on the public and press's qualified right of access to criminal proceedings"); *Webster Groves Sch. Dist. v. Pulitzer Pub. Co.*, 898 F.2d 1371, 1377 (8th Cir. 1990) (ordering "release [of] a copy of the docket sheet [in this case], with appropriate redaction of identifying or sensitive information"); *United States v. Mendoza*, 698 F.3d 1303, 1306 (10th Cir. 2012) (discussing the history of open dockets and noting that the "supposition that dockets are public records has a long pedigree"); *In re Leopold to Unseal Certain Elec. Surveillance Applications & Orders*, 964 F.3d 1121, 1129 (D.C. Cir. 2020) ("Although judges do not always rely upon dockets themselves in reaching decisions, dockets are nonetheless judicial records because they are 'created and kept [by courts] for the purpose of memorializing or recording ... matter[s] of legal significance.'" (quoting *Wash. Legal Found. v. U.S. Sent'g Comm'n*, 89 F.3d 897, 905 (D.C. Cir. 1996))).

IV.

In light of the foregoing, and thus the presumption of public access to a case's ongoing docket and the entries therein concerning filings by parties and orders by the court, it is the party seeking to deny public access to a judicial record that must come forward with a specific showing as to the harm that public access would create and then the Court that must make explicit factual findings on the record as to how it has evaluated this showing from the party seeking secrecy. *See Sealed Search Warrants*, 868 F.3d at 397; *see also Van Waeyenberghe*, 990 F.2d at 849 (same); *Holy Land Foundation*, 624 F.3d at 690 (same). Here, the sole notation on the previously available public record of the reason for the disappearance of

the previously public record of the docket in this case is the reference in the Court's Order of July 14, 2025, that previously was publicly available but now is not visible on PACER, indicating that the Government had requested that the case be sealed. *See* Dkt. No. 20, at 2 ("Order," July 14, 2025). The previously public docket that once was visible on PACER contained no reference to any actual motion by the Government to seal this case – the previous docket included no notation of any document labeled as a motion to seal or suppress.[3] The prior sealings ordered by the magistrate judge that also previously were publicly visible but are no longer pertained only to the search warrant applications themselves and not to the bevy of other filings and judicial decisions that had been fully accessible to the public until the PACER docket was suppressed. *See* Text orders docketed on Feb. 21, 2025, and June 27, 2025.

To the extent the Government now seeks to belatedly provide a public rationale for sealing the court docket in this case, it must demonstrate how the fact of prior public access to the material in the court file does not conclusively demonstrate that there would be no harm to the Government's interest in continued public access to the docket. *See Gambale v. Deutsche Bank AG*, 377 F.3d 133, 144 (2d Cir. 2004) (pointing out that allegedly confidential information "now resides on the highly accessible databases of Westlaw and Lexis and has apparently been disseminated prominently elsewhere. We simply do not have the power, even were we of the mind to use it if we had, to make what has thus become public private again…The genie is out of the bottle…. We have not the means to put the genie back.").

Moreover, because the issues in this proceeding have generated interest from not just one but four putative *amici* who all express substantial public interest in the Government's use of so-

---

[3] The lack of any notation on the docket of a motion to seal appears to be inconsistent with the procedures for a sealing motion set out in Local Rule 79(e)(3) of the Local Uniform Civil Rules, which is made applicable to this criminal case by Local Rule 49.1 of the Local Uniform Criminal Rules.

called "tower dump" search warrants, there can be little doubt that the public's need to observe how its judicial officers here resolve the Government's applications is of utmost urgency. *See Holy Land Found.*, 624 F.3d at 690 (public access "serves to promote trustworthiness of the judicial process, to curb judicial abuses, and to provide the public with a more complete understanding of the judicial system, including a better perception of its fairness." (quoting *Littlejohn v. BIC Corp.*, 851 F.2d 673, 682 (3d Cir. 1988))).

Finally, there can be no sealing in this case premised on a notion that the public should be kept ignorant from knowing that the Government is seeking to use the particular tool of a "tower dump" warrant because that piece of information is part of a substantial and ongoing public debate around the efficacy and propriety of such government action as a matter of public policy. *See* Lars Daniel, "DOJ Delays Tower Dumps Appeal As Digital Privacy Battle Intensifies," *Forbes*, Jun. 29, 2025 (DOJ Delays Tower Dumps Appeal As Digital Privacy Battle Intensifies); Connor Jones, "Uncle Sam seeks time in tower dump data grab case after judge calls it 'unconstitutional': Feds told they can't demand a haystack to find a needle," *The Register*, June 19, 2025 (US dawdles over 'unconstitutional' tower dump appeal • The Register); Paul Wright, "Tower Dumping, Cell Site Data, and the Limits of OSINT Investigations: Legal, Technical, and Investigative Challenges in Leveraging Mobile Data for Open-Source Intelligence," *Medium*, April 25, 2025 (Tower Dumping, Cell Site Data, and the Limits of OSINT Investigations | by Paul Wright | CrimeBeat | Medium). Shielding important matters of public policy from the sunlight of public awareness is anathema to the principles of open government on which the common law right of access is premised. *See United States v. Cianfrani*, 573 F.2d 835, 851 (3d Cir. 1978) ("As important as the actual prevention of judicial abuse or perjury at such hearings is the preservation of the appearance of justice. Secret hearings though they be scrupulously fair in reality are suspect by nature.").

WHEREFORE, in light of the foregoing, Court Watch requests that the docket of this proceeding be made public again, that all filings which pertain to whether this case should be sealed be made public and remain available to the public, and that all filings concerning the substantive question of whether the Government may engage in the kind of "tower dump" data collection at issue in this proceeding be made public to the greatest extent possible.

Dated: August 14, 2025

Respectfully submitted,

By: /s TreMarcus D. Rosemon
TreMarcus D. Rosemon, MSB #105724
CARNER & ROSEMON, PLLC
401 East Capitol Street, Suite 310 (39201)
P.O. Box 55644
Jackson, MS 39296-5644
Phone: 601-427-8999
Facsimile: 769-233-8941
Email: tremarcus@carnerrosemon.com

OF COUNSEL:

Christopher P. Beall, *pro hac vice pending*
christopher@rklawpc.com
RECHT KORNFELD, P.C.
30 Broad Street, Suite 1402
New York City, N.Y. 10004
(T): (303) 573-1900
(F): (303) 446-9400

*Attorneys for COURT WATCH*

-8-

## CERTIFICATE OF SERVICE

I, TreMarcus D. Rosemon, certify that I conventionally filed the foregoing with the Clerk of the Court by hand delivery this the 14th day of August, 2025.

                                                  By:    *TreMarcus D. Rosemon*
                                                             TreMarcus D. Rosemon, MSB #105724