**EXHIBIT**

**1**



HOME    ABOUT    UPGRADE    MEDIA COVERAGE    ADVERTISE    ARCHIVE

# Exclusive: Judge Rules 'Tower Dumps' Unconstitutional

A Mississippi federal judge rules an often-used law enforcement technique that pulls large tranches of data from cellular towers unconstitutional. Senator calls 'tower dumps' a "mockery of the Fourth Amendment."

 Seamus Hughes, Philip Caulfield
Feb 24, 2025

 

A federal judge in Mississippi ruled that a frequently-used law enforcement technique of pulling large swaths of data from cellular towers to find alleged criminal activity is unconstitutional – a move experts say could prevent investigators nationwide from using so-called "tower dumps" in future cases.

On Friday, U.S. Magistrate Judge Andrew Harris of the Southern District of Mississippi rejected a bid by federal investigators to obtain sweeping search warrants that would have pulled data from four cellular providers and phone towers covering nine locations.

In a sealed federal affidavit, the FBI had requested the expansive search as part of an investigation into a string of killings, shooting and car thefts allegedly committed by a local gang over a 14-month period, the ruling said.

Details about the case, including the locations of the alleged crimes, the underlying search warrants and its targets remained sealed because it is an ongoing FBI investigation. The Mississippi judge's

♡ 2          💬 3          ↪

In his ruling, Harris said the proposed search would violate the Fourth Amendment, which protects people from unreasonable search and seizures by the government, because the sweep might include the data of thousands of people not suspected of a crime.

"The Government is essentially asking the Court to allow it access to an entire haystack because it may contain a needle," Harris wrote, adding that "the haystack here could involve the location data of thousands of cell phone users in various urban and suburban areas."

"The Fourth Amendment does not permit law enforcement to rummage through troves of data and themselves determine the existence of probable cause to support the seizure of that data," Harris said.

The order for the first time significantly extended the scope of an August ruling in a federal appeals court that found that the use of a geofence warrant — in which law enforcement sends a request to Google for the location data of phones at a specific location  — unconstitutional. That case, also in Mississippi, involved the robbery of a Postal Service worker.

After investigators' initial submission to the court, Judge Harris asked prosecutors to address the constitutionality of its request in light of that ruling, which was made by the U.S Court of Appeals for the 5th Circuit in the case United States v. Smith in August. According to the ruling, Harris was unmoved by DOJ's subsequent filings.

Privacy experts who reviewed the opinion for *Court Watch* praised the ruling and stated it could have far-reaching effects on law enforcement's use of tower dumps in the future.

Jennifer Granick, an attorney with the Speech Privacy and Technology project at the ACLU, told *Court Watch* she was not familiar with another tower dump case "that holds that the technique is an unconstitutional general warrant in essentially every case." Andrew Crocker of the Electronic Frontier Foundation (EFF) called the opinion "a really positive sign."

Tower dumps are a collection of data on all devices, such as cell phones, that have connected to specific cellular towers during a set time block. Law enforcement has long relied on tower dumps to crack complex cases and track suspects via cell phone data. Last year, investigators with the Bureau of Alcohol, Tobacco, Firearms and Explosives successfully used a tower dump to identify a man accused of a string of gun store robberies in Pennsylvania.  More recently, investigators asked a federal judge for approval to perform a tower dump while investigating vandalism at a Federal Aviation Administration facility in Vermont.

*Editor's note: This filing was marked in a docket titled, USA v. Unknown. It sat untouched for a number of days. Without our reporting, you likely would not have learned of the judge's decision. If you'd like to support this type of reporting, please consider upgrading your subscription.*

---

Law enforcement sources stressed to *Court Watch* that tower dumps are typically used as a last resort when other investigative leads have been exhausted. At least one privacy expert who spoke with *Court Watch* strongly disputed that assertion. Federal judges in the past have chided law enforcement for using too large of a dragnet to collect data.

Friday's ruling raises the question of whether the practice of using any tower dump would be legally acceptable even if narrowly tailored to limit the number of innocent peoples' data that could be collected.

Sen. Ron Wyden (D-Oregon) told *Court Watch* that "dragnet surveillance" tactics like tower dumps make "a mockery of the Fourth Amendment."

"Cell tower dumps sweep up the personal data of tens of thousands of innocent Americans," Wyden, a longtime advocate for privacy rights and limits on government surveillance tools, told *Court Watch* in an emailed statement.

"But for too long, courts have rubberstamped surveillance dragnets by ignoring that innocent bystanders have privacy rights too. I am glad to see the federal courts start to say no to these modern-day 'general warrants.'"

An inquiry to Verizon was not returned. T-Mobile and AT&T both declined to comment. The Department of Justice did not respond to a request for comment.

-30-

---

**Paid Advertisement Below**

The portfolio that's automatically up to date with your work.

- Get backups of all your articles.

- Be ready to impress potential clients and employers, anytime.

Get your free portfolio today

---

**Reply**                                                                    Newest first ⌄



Add your comment...



**Shawn NLN**  5 months ago

1. Then you file ANOTHER search warrant saying "We'd like to de-annonymize Phone 2372372 and have Verizon provide us the Phone # and IMEI". Then a judge looks at the second warrant to determine if there's enough to sign off on it.
2. Get the warrant returns and pursue the suspect

The two-tier search warrant (not subpoena) provides for a high level of scrutiny to get public data, and a higher level of scrutiny to de-annonymize it. Even as a privacy advocate working in investigations, I felt like it protected privacy well, while still helping LE in difficult cases.

The real issue was judge shopping....it's easy to ask non-technical cop-friendly judges sign these all day long. You can fix the process but finding a friendly judge will often circumvent good practices unless that's addressed as well.

♡ LIKE    ▭ REPLY



**Shawn NLN**  5 months ago

This is a really interesting case. About 8 years ago when I was involved in these types of cases, it was a multi-step process.

1. You (cops/feds) locate the towers that you would expect someone's phone to be at for multiple crimes
2. You decide if there's a chance other people might be at all these locations at similar times (i.e. three places along a highway are going to have a million phones that ping to all three. But 7 places that are spread out, including night when people don't move around much....it's probably only the suspects doing that). At best, you're finding circumstantial evidence so it needs to be solid enough to pursue. If it is, then

4. The carrier anonymizes the results for each tower, giving you hashed values for each IMEI. So you can say "Phone 2372372 was at five of the seven sites" and we think this is the suspect....

♡ LIKE   ⬚ REPLY(1)

Shawn NLN  5 months ago

1. Then you file ANOTHER search warrant saying "We'd like to de-annonymize Phone 2372372 and have Verizon provide us the Phone # and IMEI". Then a judge looks at the second warrant to determine if there's enough to sign off on it.
2. Get the warrant returns and pursue the suspect

The two-tier search warrant (not subpoena) provides for a high level of scrutiny to get public data, and a higher level of scrutiny to de-annonymize it. Even as a privacy advocate working in investigations, I felt like it protected privacy well, while still helping LE in difficult cases.

The real issue was judge shopping....it's easy to ask non-technical cop-friendly judges sign these all day long. You can fix the process but finding a friendly judge will often circumvent good practices unless that's addressed as well.

♡ LIKE   ⬚ REPLY

## Keep Reading



Jul 28, 2025 · 7 min read

### Former Moderator Sues Chaturbate for 'Psychological Trauma'

"Without these safeguards, Mr. Barber eventually developed full-blown PTSD, which he is currently still being treated for," the former mod's lawyer said.



Jul 18, 2025 · 13 min read

### #135: Rhode Island Reich?

A New England gun case was more than it originally appeared. Plus: Cruisin' Connecticut, Academica Awkwardness, Reddit AI, and a judge pushes back on Twitter Recusal.

Exclusive: Judge Rules 'Tower Dumps' Unconstitutional

Friday, May 31, 2024 · 2:33 PM

From Trump: ALL HELL JUST
BROKE LOOSE!
I WAS CONVICTED IN A RIGGED
TRIAL!
I need you to read this NOW:
facts240.cc/r/QL89pqKFnrVS

Jun 16, 2025 · 5 min read

### RNC Sued Over WinRed's Constant 'ALL HELL JUST BROKE LOOSE!' Fundraisin...

# Court Watch

The Definitive Source for Legal News

Email                    Subscribe

**RSS FEED**

© 2025 Court Watch.

Privacy policy  Terms of use

 Powered by beehiiv