# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

| | |
|---|---|
| IN RE FOUR APPLICATIONS FOR SEARCH WARRANTS SEEKING INFORMATION ASSOCIATED WITH PARTICULAR CELLULAR TOWERS A/K/A TOWER-DUMP WARRANTS | CAUSE NO. 3:25-CR-38-CWR-ASH |

## AMENDED ORDER

This matter is before the Court *sua sponte*. *See* Fed. R. Civ. P. 60. On July 14, 2025, the government filed an amended motion requesting "that this case be sealed in part." Docket No. 22 at 1. The Court granted the motion that day, ordering that the case and all documents be sealed except for the Magistrate Judge's orders and the *amicus curiae* brief to be filed by proposed *amici*. Docket No. 23. Through inadvertent error, the entire case—including the Magistrate Judge's orders—was sealed. As a result, proposed *amici* and the public no longer have access to the docket. *See* Docket Nos. 24 and 26.

The Magistrate Judge's orders and docket sheet should be publicly accessible. The question is whether the rest of the case (i.e., the other docket *entries*)[1] should be sealed. After considering the applicable law and the government's arguments, the Court concludes that they should not.

---

[1] This does not include the search warrant applications, as there is no dispute regarding whether the applications should be sealed.

The government contends that unless this case is sealed, it "will be required to seek to seal each filing, which will require the government to explain not only its reasons for sealing, but also what documents it seeks to seal." Docket No. 22 at 1. It argues that it "is not required to take such precautions in any other criminal matter brought to magistrate judges in the pre-indictment, investigative phases and [that] requiring it to do so here may harm the investigation and hamper law enforcement activities." *Id.* at 1–2.

In the Fifth Circuit, the presumption in favor of the public's right to access judicial records extends to pre-indictment warrant materials. *United States v. Sealed Search Warrants*, 868 F.3d 385, 395 (5th Cir. 2017). Automatic sealing is disfavored, and courts are "ungenerous with their discretion to seal judicial records." *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 418 (5th Cir. 2021). The public's right of access, however, "is not absolute." *Bradley ex rel. AJW v. Ackal*, 954 F.3d 216, 225 (5th Cir. 2020). "In exercising its discretion to seal judicial records, the court must balance the public's common law right of access against the interests favoring nondisclosure." *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993) (collecting cases). The court conducts this balancing test on a "case-by-case" basis. *Sealed Search Warrants*, 868 F.3d at 396; *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978).

"[A] document becomes a judicial record" once it "is filed on the public record." *Binh Hoa Le*, 990 F.3d at 419 (quotation marks omitted). The government does not oppose the public's access to the Magistrate Judge's orders. Reasonably so, since the orders do not reveal any details regarding the investigation. Instead, the government requests to seal all other entries on the docket. The other judicial records, however, do not contain any details regarding the government's investigation. They are no different from the Magistrate Judge's orders in this respect.

The government has not offered compelling reasons in support of its motion to seal. The probability that its investigation may be compromised is not, alone, sufficient to justify sealing the case. *See Sealed Search Warrants*, 868 F.3d at 395. It is not clear how the public's access to these documents could "hamper law enforcement activities." Docket No. 22 at 2. But even if matters were more clear, speculative privacy interests are not a "compelling countervailing interest[] favoring nondisclosure." *Binh Hoa Le*, 990 F.3d at 421; *but see in re Associated Press*, No. 5:22-MC-111, 2023 WL 5671289, at *6 (S.D. Tex. Sept. 1, 2023) (sealing warranted where "[a]lmost every single sentence of the" documents "contain[ed] information that could threaten the Government's investigation or damage an unindicted individual's reputation.").

Accordingly, the government's amended motion to seal the case is denied.

**IT IS HEREBY ORDERED** that this case be unsealed. The search warrant applications, Docket Nos. 1–5 and 16–18, which were sealed prior to the Court's July 14 Order, shall remain under seal.

**SO ORDERED**, this the 18th day of August, 2025.

s/ Carlton W. Reeves  
UNITED STATES DISTRICT JUDGE
